# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAVID WINTERS, #364915, | * |
| Plaintiff | * |
| v | *  Civil Action No. ELH-18-1220 |
| CUSTODY DEPARTMENT, | * |
| Defendant | * |
| | *** |

## MEMORANDUM

David Winters, presently incarcerated at Patuxent Institution ("Patuxent"), seeks to be transferred back to his prior place of incarceration, North Branch Correctional Institution ("NBCI"). Winters alleges that shower facilities at NBCI are private and secure, while shower facilities at Patuxent are "public." Winters claims he is watched by fellow prisoners in the shower, and has been threatened with rape. ECF 1 at 2. Because sexual assault is a serious allegation, counsel for the Division of Correction was directed to respond to Winters' claim, notwithstanding the fact that Winters has failed to name a proper party defendant. ECF 3. Counsel's Response (ECF 8) indicates that Winters has not been subjected to such threats, but is concerned that such threats may occur once he progresses to a more general housing environment at Patuxent. ECF 8-1 at 2.

Because the Response is supported by statements under oath and verified business records, it was construed as a Motion for Summary Judgment and Winters was provided an opportunity to oppose the Motion. ECF 9. Counsel filed a supplemental Memorandum in support of its Response (ECF 11), including a Declaration from Lieutenant Sandra Wiggins, who investigated Winters' allegation that he had been threatened with rape in the shower. ECF 11-2.

Winters filed an opposition. ECF 15. He also filed a motion seeking transfer. ECF 14.

No hearing is necessary to determine the outcome of this case. *See* Local Rule 105.6 (D. Md. 2016). For reasons noted herein, Patuxent's Response, as supplemented, construed as a Motion for Summary Judgment (ECF 8 and 11), shall be GRANTED and Winters' Motion seeking transfer (ECF 14) shall be DENIED.

**Standard of Review**

Defendant's Motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF 12. A motion styled in this manner implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the Court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see Adams Housing, LLC v. The City of Salisbury, Maryland*, 672 Fed App'x. 220, 222 (4th Cir. 2016) (per curiam). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may

2

occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[1]

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Generally, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours and Co. v. Kolon Industries, Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2012); *see Putney v. Likin*, 656 Fed. App'x 632, 638 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transportation*, 741 F.3d 480, 483 (4th Cir. 2015). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet*

---

[1] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials."); *see also Adams Housing, LLC, supra*, 672 Fed. App'x at 222 ("The court must give notice to ensure that the party is aware that it must 'come forward with all of [its] evidence.'") (citation omitted).

*Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f))

"Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" *Scott v. Nuvell Fin. Servs., LLC*, 789 F. Supp. 2d 637, 641 (D. Md. 2011) (alteration in original) (citation omitted). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir.), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party fails to file a Rule 56(d) affidavit at his peril, because "'the failure to file an affidavit … is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods,* 302 F.3d at 244 (citations omitted). But, the nonmoving party's failure to file a Rule 56(d) affidavit cannot obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for

summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Id.* (internal citations omitted).

According to the Fourth Circuit, failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods*, 302 F.3d at 244-45 (internal citations omitted); *see also Putney*, 656 Fed. App'x at 638; *Nader v. Blair*, 549 F.3d 953, 961 (4th Cir. 2008). Moreover, "[t]his is especially true where, as here, the non-moving party is proceeding pro se." *Putney*, 656 Fed. App'x at 638.

Winters has not filed an affidavit under Rule 56(d). In light of the foregoing, I am satisfied that it is appropriate to address defendant's submission as a motion for summary judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a), which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club,*

5

*Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002); *see FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. Moreover, the trial court may not make credibility determinations on summary judgment. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007); *Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis*, 290 F.3d at 644-45. Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment is generally not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility.

Nevertheless, to defeat summary judgment, any conflicting evidence must give rise to a *genuine* dispute of material fact. *See Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id*. at 248; *see Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*.

Because plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But, the court must also abide by the "'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993) (citing *Celotex Corporation v. Catrett*, 477 U.S. 317, 323–24 (1986)).

### III. Discussion

The crux of Winters' complaint is based on his need for privacy. He states that NBCI showers are "single, private, and secure," while Patuxent shower facilities are public. ECF 1 at 2. Essentially, Winters argues that the lack of single shower facilities at Patuxent violates his right to safe conditions of confinement under the Eighth Amendment.

Defendant presents a different scenario. Winters is presently a mental health prisoner housed on Level 2 at Patuxent. ECF 8-1, Declaration of Lt. Sandra Wiggins; attachment, Memorandum of May 11, 2018 at 2. Patuxent showers are not "public," and Level 2 prisoners shower with no more than three prisoners at a time, and with two officers present. ECF 8-1 at 3, 5.

Wiggins interviewed Winters on May 12, 2018. ECF 8-1 at 2. During the interview, Winters stated he showers alone "most of the time," and expressed privacy concerns should he move to a higher level, where up to five prisoners may shower at one time. ECF 8-1 at 2. Winters indicated he was now safe and nobody touched him. ECF 8-1 at 2. Winters provided a written statement about the matter and would not identify the individual who allegedly threatened to rape him. ECF 8-1 at 4.

7

In opposition, Winters states without specificity that he has been "threatened with rape because other inmates are allowed in the shower at the same time as me..." ECF 13 at 1, ¶ 1. He claims that Patuxent "is clearly an outdated facility, and it is now ridiculous to have a shower in such close quarters next to God knows who." ECF 13 at 1, ¶ 2. Winters cites Defendants' statement at ECF 11 at 2, which states: "According to Post Orders, Level 2 inmates are showered with no more than 3 inmates at a time." He asserts: "That is my claim...It is extremely demeaning to make me shower with other inmates who have rape and child molestation charges. Or anyone else for that matter." ECF 13 at 2. He states he has "had enough of being watched by other inmates while I just try to shower," and requests transfer back to NBCI. ECF 13 at 2.

Winters argues that the intent of the Prison Rape Elimination Act ("PREA") would be met and rape prevented if inmates were able to shower alone. ECF 13 at 3. In his Motion for transfer, Winters states that "a dangerous inmate on a teir [sic] I used to be on threatened to rape me." ECF 14.

To establish an Eighth Amendment claim, Winters must show that Patuxent personnel were deliberately indifferent to Winters's substantial risk of serious harm and failed to take steps to ensure Winters' safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) rape of transsexual prisoner in general population); *Wilson v. Seiter,* 501 U.S. 294, 297-98 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference requires state of mind more blameworthy than negligence). To establish that the conduct alleged – having small groups of prisoners shower in individual shower stalls while under guard – constituted cruel and unusual punishment under the Eighth Amendment, such conduct must constitute more than ordinary lack of care for Winters' safety. *Arnold v. South Carolina Dep't of Corr.,* 843 F. Supp. 110, 113 (D. S. C. 1994) (citing *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).

Winters fails to establish that a dangerous condition exists, or that he is particularly subject to danger while showering. At best, he suggests that he is uncomfortable showering in the presence of others, and that discomfort will be exacerbated if he progresses to a high level of independence within the institution. The Constitution, however, "does not mandate comfortable prisons." *Rhodes v. Chapman,* 452 U.S. 337, 349 (1981). Winters provides no evidence of actual rape or assault while showering, nor does he identify a specific incident or individual who has threatened him with such an attack.

For these reasons, Patuxent's motion shall be granted and Winters' motion seeking transfer shall be denied. A separate Order follows.


Date: September 11, 2018         /s/
                                 Ellen L. Hollander
                                 United States District Judge